UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY JACKSON, JR., #148200,

        Plaintiff,

                              CASE NO. 2:19-CV-10114
v.                              HONORABLE SEAN F. COX

SAGINAW CO., ET Al.,

        Defendants.
                                  /

## OPINION AND ORDER DISMISSING THE COMPLAINT IN PART AND DIRECTING SERVICE UPON REMAINING DEFENDANTS

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Pretrial detainee Randy Jackson, Jr. ("plaintiff") challenges the conditions of his confinement at the Saginaw County Jail in Saginaw, Michigan. While the complaint is difficult to read (due to copy quality), he appears to allege that the jail is unsanitary with dusty vents, moldy showers, and thin mats for sleeping, that he is not being given sufficient recreation time, and that he is not being properly treated for his medical/mental health condition. The plaintiff names Saginaw County, the Saginaw County Jail, Lieutenant Kern, Sergeant Rimmer, and Mental Health Worker Michelle as the defendants in this action. He sues the defendants in their official and personal capacities and seeks monetary damages. The court has granted the plaintiff leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

### II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is

frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*,

436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Given this liberal pleading standard, the court finds that the civil rights complaint is subject to dismissal in part, but that service of some claims upon certain defendants is appropriate.

First, the plaintiff's claims against the Saginaw County Sheriff's Department must be dismissed. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983. *See Edward v. Jail*, Case No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *see also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983). The plaintiff's claims against the Saginaw County Sheriff's Department must therefore be dismissed.

Second, the plaintiff's claims against Saginaw County must be dismissed because the plaintiff fails to allege facts demonstrating the personal involvement of that defendant in unconstitutional conduct related to the conditions of his confinement at the Saginaw County Jail. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of*

*Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). The plaintiff makes no such factual allegations against Saginaw County. He thus fails to state a claim upon which relief may be granted under § 1983 against Saginaw County.

Third, the plaintiff fails to state a claim for a violation of the Privileges and Immunities Clause of the Fourteenth Amendment in his complaint. The Fourteenth Amendment Privileges and Immunities Clause states in pertinent part that "[n]o State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States." U.S. Const. amend. XIV, § 1. The plaintiff fails to explain how his rights have been abridged by state law. Rather, his claims are based upon the conditions of the Saginaw County Jail and concern the behavior of county jail personnel. The plaintiff provides no basis for any claims based on an alleged violation of his rights under the Privileges and Immunities Clause.

Fourth, the plaintiff fails to state a due process claim in his complaint. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1108 (6th Cir. 1995). Substantive due process "prevents the government from engaging in conduct that shocks the conscience ... or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09–4473, 2011 WL 3555419, *8 (6th Cir. Aug.12, 2011). The plaintiff does not indicate the factual basis or legal underpinning for his due process claim. Conclusory allegations of improper conduct are insufficient

to state a federal civil rights claim.  *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

To the extent that the plaintiff alleges that one or more of the defendants erred in denying his grievances or failed to provide an effective grievance procedure, he fails to state a constitutional claim.  The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances.  *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").  The plaintiff does not allege any facts which indicate that the defendants denied him access to the grievance procedure. Moreover, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure, *see Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases), and Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001).  Consequently, to the extent that the plaintiff is dissatisfied with the investigation of his concerns and responses to his grievance, he fails to state a claim upon which relief may be granted.  *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting

magistrate judge's report).  The plaintiff fails to state a due process claim in his pleadings.

Fifth, the plaintiff fails to state an equal protection claim in his complaint.  Prisoners are entitled to equal protection under the law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004); *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992).  The plaintiff makes no such factual allegations in his pleadings.  Prisoners are not members of a protected class for equal protection purposes,  *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and the plaintiff fails to indicate with any specificity how he has been treated differently from others who are similarly situated.  As discussed, conclusory allegations are insufficient to state  a claim under § 1983.  The plaintiff fails to state an equal protection claim in his complaint.

Construing the complaint liberally, however, the court finds that the plaintiff alleges sufficient facts to state claims for relief under the Eighth Amendment against the remaining defendants based upon the conditions of his confinement and his medical care at the Saginaw County Jail.  While the plaintiff may or may not ultimately prevail, he has pleaded sufficient facts to state potential claims for relief.  Service of the complaint upon the remaining defendants, Lieutenant Kern, Sergeant Rimmer, and Mental Health Worker Michelle, is therefore appropriate.

### III.  CONCLUSION

For the reasons stated, the court concludes that the Saginaw County Sheriff's Department is not an entity subject to suit under 42 U.S.C. § 1983, that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to defendant Saginaw County, and that the plaintiff fails to state a due process claim, a privileges and immunities claim, and an equal protection

claim in his complaint. Accordingly, the court **DISMISSES WITH PREJUDICE** those defendants and those claims.

The court further concludes that the Eighth Amendment claims against the remaining defendants, Lieutenant Kern, Sergeant Rimmer, and Mental Health Worker Michelle, are not subject to summary dismissal. Accordingly, the court directs that a copy of the complaint and a copy of this order be served upon those defendants by the United States Marshal without prepayment of costs.

Lastly, the court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


Dated: February 4, 2019                     s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge