UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY JACKSON, JR.,

    *Plaintiff*,

v.

KERN, RIMMER, and MICHELLE,

    *Defendants*.

_____/

CASE NO. 2:19-cv-10114
DISTRICT JUDGE SEAN F. COX
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT & RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

### I.  Introduction and Recommendation

Plaintiff Randy Jackson, Jr., is a pretrial detainee at the county jail in Saginaw, Michigan. (R. 1.) His action, brought under 42 U.S.C. § 1983, has already been screened and various claims have been dismissed. More recently, the Court ordered Plaintiff to file a legible copy of his complaint by May 28, 2019. He has failed to do so, despite a show-cause order warning him that this failure might lead to dismissal of his case. (R. 15.) Consequently, I **RECOMMEND DISMISSING** this case *sua sponte* under Fed. R. Civ. P. 41(b) and Local Rule 41.2 for failure to prosecute.

### II.  Report

#### A.  Procedural History

Plaintiff filed his complaint on January 11, 2019. (R. 1.) Since then, Plaintiff has

1

taken only two actions in the case: (1) he filed an application to proceed *in forma pauperis* (R. 2) along with his complaint, and (2) he moved for court-appointed counsel the following month, on February 8, (R. 7). The Court denied the motion for counsel (R. 10) but granted him *in forma pauperis* status and screened his complaint. *Jackson v. Saginaw Co.*, No. 2:19-CV-10114, 2019 WL 423822, at *1 (E.D. Mich. Feb. 4, 2019). On March 6, 2019, the case was referred to me—under 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, (R. 9)—for all pretrial proceedings, including determining non-dispositive matters and submitting reports and recommendations on dispositive matters.

Later in March, defendants Kern and Rimmer moved to transfer venue to the Northern Division of the Eastern District and also for a more definite statement of Plaintiff's complaint due to its illegibility. (R. 12.) On April 15, I issued a Report recommending that the Court deny the motion to transfer but grant the motion for a more definite statement. (R. 13.) No party objected to the Report, and on May 10 the Court adopted it, ordering Plaintiff to file a legible complaint by May 28, 2019. (R. 14.) That deadline passed without a new complaint having been filed.

A few weeks later, I ordered Plaintiff to show cause by July 5, 2019, why his case should not be dismissed due to the failure to prosecute. (R. 15.) It is now over a month later and Plaintiff has submitted neither the complaint nor a response to the show-cause order.

**B.     Law and Analysis**

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss

a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

The Sixth Circuit employs four factors to determine whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Regarding the first factor, Plaintiff has filed only three documents: the complaint,

3

an application for *in forma pauperis* status, and a motion for counsel. (R. 1, 2, 7.) The last filing occurred on February 8, 2019. After that, Plaintiff has not had any involvement in the case. He did not, for example, respond to Defendants' motion or the earlier Report and Recommendation. Nor did he reply to the show-cause order. And his new complaint is now nearly three months late. This pattern suggests at least carelessness, if not willful disregard of the case. *Cf.* 9 Wright & Miller, *Fed. Prac. & Proc. Civ. Pro.*, § 2370 (3d ed., 2019 update) ("The failure to respond to a motion to dismiss for failure to prosecute may be a particularly aggravating factor that will be weighed in the judge's decision to grant a Rule 41(b) dismissal."). Consequently, the first factor weighs in favor of dismissal.

Regarding the second factor, the holdup in this case has been caused by Plaintiff's failure to produce a legible copy of the complaint. This prejudices Defendants in two ways. First, without a readable complaint, Defendants cannot adequately respond to the allegations against them. Thus they are threatened with claims that are still too nebulous to fully comprehend or counter. Second, and relatedly, the litigation has dragged on in this posture for seven months. Even assuming that Plaintiff soon submits a proper complaint and Defendants timely respond, the case would still be near the beginning of the litigation process after pending for approximately eight months. *Cf. McMahan v. Deutsche Bank* AG, 892 F.3d 926, 932 (7th Cir. 2018) ("An unreasonable delay gives rise to a presumption of prejudice."); *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993) ("A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued."). For these reasons, the second factor favors dismissal.

Regarding the third factor, the show-cause order warned Plaintiff that his case could be dismissed for failure to prosecute if he did not respond. (R. 15.) Thus, this factor also supports dismissal.

Finally, regarding the fourth factor, Plaintiff has repeatedly failed to abide by the Court's orders and, as a result, the case is seven months old without there yet being a comprehendible complaint. A monetary fine would likely have little effect because he probably lacks the means to pay, as evidenced by his *in forma pauperis* status in this case. Another consideration in calibrating the sanction is whether Plaintiff has a meritorious claim, which would weigh against dismissing for failure to prosecute. *See Ball*, 2 F.3d at 759 ("[I]t is entirely proper for the judge to consider the likely merits of the suit in deciding whether to dismiss it for failure to prosecute."). It is true the Court found that Plaintiff's complaint contains properly stated Eighth Amendment claims. *See Jackson*, 2019 WL 423822, at *3. The problem, however, is that those allegations cannot be fully deciphered until a legible complaint is provided. That is what the Court ordered Plaintiff to submit, and that is what the Court has been waiting for. Without it, the merits cannot be adequately assessed and thus they do not provide a reason to opt for a gentler sanction.

Consequently, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May

14, 2013) (Holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available."). The fourth factor therefore weighs in favor of dismissal.

Thus, all four factors support dismissing Plaintiff's case.

### C.  Conclusion

Accordingly, I **RECOMMEND** that the case be **DISMISSED** pursuant to Fed. R. Civ. P. 42(b) and E.D. Mich. LR 41.2 for failure to prosecute.

### III.  Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 19, 2019                          /S PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Randy Jackson #148200 at Saginaw County Jail, 208 S. Harrison, Saginaw, MI  48602.

Date:  August 19, 2019

                                                By s/Durene Worth
                                                Acting in the absence of Kristen Castaneda
                                                Case Manager
                                                (989) 894-8821
                                                Kristen_castaneda@mied.uscourts.gov

7